### JOHN J. HARRY v. THE STATE.

No. 9338.     Delivered November 4, 1925.

**Possessing Intoxicating Liquor—Evidence—Tasting and Testing Liquor—Not Error.**

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, there was no error in permitting the prosecuting attorney to pour out and set fire to some of the liquor, in the presence of the jury, nor in permitting a witness to taste the liquor, and testify that it was intoxicating. No error appearing in the record, the cause is affirmed.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction of possessing intoxicating liquor, for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Travis County of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

Officers arrested appellant and some companions in possession of a quantity of intoxicating liquor. No reasonable explanation is offered by the defense of any purpose in the possession of said liquor. The jury were justified in their conclusion that it was possessed for the purpose of sale.

There are three bills of exception. Bill No. 3 is in question and answer form, and for that reason will not be considered. Bill No. 2 was taken to the action of the district attorney in pouring out some of the liquor found in possession of appellant, and setting fire to it in the presence of the jury. We perceive no error in this action. The remaining bill complains that a witness was permitted to taste the liquor in the presence of the jury and testify to its intoxicating qualities. There was no error in this.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*